NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILMER CRUZ,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2013-3083

---

Petition for review of an arbitrator's decision in No. AR-11-16 by Louise B. Wolitz.

---

Decided: October 11, 2013

---

WILMER CRUZ, of Pharr, Texas, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Wilmer Cruz appeals from the arbitration decision affirming the Department of Homeland Security's (DHS) removal of Mr. Cruz from his position as an Immigration Enforcement Agent. Because the arbitrator's decision is in accordance with law, we *affirm*.

## BACKGROUND

Mr. Cruz was an Immigration Enforcement Agent employed by DHS's Immigration and Customs Enforcement in Enforcement and Removal Operations. Mr. Cruz married Ms. Salas and filed for divorce almost six years later. Prior to the dissolution of his marriage to Ms. Salas, however, Mr. Cruz married Ms. Gruber. The marriage between Mr. Cruz and Ms. Gruber was annulled three months later, when Ms. Gruber learned that Mr. Cruz was already married. Mr. Cruz was indicted by a Texas Grand Jury for bigamy, but the state subsequently dismissed the charge. Mr. Cruz was never tried for, or found criminally guilty of, bigamy.

After his marriage to Ms. Gruber was annulled, Mr. Cruz made plans to marry another woman, Ms. De Leon. Mr. Cruz enrolled Ms. De Leon and her daughter in his federal health benefits plan as his spouse and stepchild, respectively. Mr. Cruz ultimately elected not to go forward with the marriage to Ms. De Leon, but Ms. De Leon and her daughter continued to be listed as dependents on Mr. Cruz's federal health benefits plan and each received benefits under the plan.

DHS proposed to remove Mr. Cruz from his position and from federal service based on two charges: (1) bigamy and (2) conduct unbecoming a law enforcement officer. The charge of bigamy alleged that Mr. Cruz married or attempted to marry Ms. Gruber while he was legally married to Ms. Salas. The charge of conduct unbecoming

a law enforcement officer alleged that Mr. Cruz improperly enrolled Ms. De Leon and her daughter as family members under his federal benefits plan. That charge further alleged that Mr. Cruz was aware that Ms. De Leon and her daughter were receiving health benefits and that he knew or should have known that they were not entitled to receive them.

In sustaining the removal of Mr. Cruz, DHS considered the seriousness of Mr. Cruz's misconduct and its nexus to his position as a law enforcement officer in its decision. Mr. Cruz's union requested arbitration and the arbitrator affirmed DHS's removal of Mr. Cruz. Mr. Cruz appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We apply the same substantive standards of review to arbitration decisions as to Merit Systems Protection Board decisions. 5 U.S.C. § 7121(f). We must affirm the arbitrator's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Cruz argues, first, that the arbitrator erred by imposing on him the burden of proof to show he reasonably believed he was divorced when he married Ms. Gruber. He argues this showing should have been DHS's burden and that DHS wrongfully faulted him for not submitting any documentary evidence of the divorce paperwork he allegedly sent Ms. Salas. Next, Mr. Cruz contends that the arbitrator abused her discretion by refusing to draw a negative inference against DHS after it failed to provide the disciplinary records of similarly situated employees. Mr. Cruz argues that he requested that DHS release all disciplinary records of other employees nationwide charged with bigamy and/or conduct

unbecoming for the previous five years, but that DHS did not do so. Mr. Cruz contends that those records should have been turned over to Mr. Cruz in response to his request pursuant to DHS's duty to negotiate in good faith. *See* 5 U.S.C. § 7114(b)(4).

First, we agree with DHS that the arbitrator did not improperly shift the burden of proof from DHS to Mr. Cruz. Under the Texas Penal Code, an individual has committed the offense of bigamy if "he is legally married and he purports to marry or does marry a person other than his spouse." V.T.C.A., Penal Code § 25.01(a) (2005). It is a "defense to prosecution" that "the actor reasonably believed" that he was "legally eligible to be married because the actor's prior marriage was void or had been dissolved by death, divorce, or annulment." *Id.* § 25.01(c). The same section of the Texas Penal Code states that "[f]or the purposes of this subsection, an actor's belief is reasonable if the belief is substantiated by a certified copy of a death certificate or other signed document issued by a court." *Id.* Mr. Cruz has not provided any death certificate or other court-issued document. The arbitrator concluded:

> So there is no evidence to support Mr. Cruz's representation that he thought he was divorced from Helen [Salas]. There is no divorce decree. Mr. Cruz never checked for a divorce decree. There is no documentation of his claim that he sent the necessary paperwork to Helen Cruz. There is no documentation of his claim that Helen Cruz told him she had filed the paperwork.

J.A. 26. Thus, Mr. Cruz has not shown that he reasonably believed he was eligible to be married and we find that the arbitrator's decision was supported by substantial evidence.

We further agree with DHS that Mr. Cruz's request for the records of all employees charged with "conduct

unbecoming" was overly broad. DHS has an obligation to provide information "which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining." 5 U.S.C. § 7114(b)(4)(B). However, Mr. Cruz sought information that was not necessary for the arbitrator's consideration of his grievance. Mr. Cruz attempted to establish a disparate penalty claim, but such a claim requires that the charges and circumstances surrounding the charged behavior are substantially similar. *Reid v. Dep't of Navy*, 118 M.S.P.R. 396, 407 (2012) (citations omitted). DHS searched for cases in which employees were charged with conduct unbecoming based on benefit misconduct and found no other case. Because cases involving conduct unbecoming unrelated to benefit misconduct are not substantially similar to Mr. Cruz's case, DHS had no obligation to provide that data. Furthermore, for the charges and the circumstances to be substantially similar, the employee must be charged with both offenses: bigamy and conduct unbecoming. *See Bencomo v. Dep't of Homeland Security*, 115 M.S.P.R. 621, 628 (2011), *aff'd*, 468 F. App'x 986 (Fed. Cir. 2012). Because DHS confirmed that there were no other employees charged with both bigamy and conduct unbecoming, there were no comparable cases. Thus, the arbitrator's refusal to draw a negative inference against DHS as a result of its failure to produce comparable cases was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the arbitrator's decision is affirmed.

## **AFFIRMED**

### COSTS

No costs.